# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 16, 2004 Session

## MARIO PENDERGRASS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 93-C-1345     Seth Norman, Judge**

---

### No. M2003-02144-CCA-R3-PC - Filed January 25, 2005

---

The petitioner appeals the summary dismissal of his petition for post-conviction relief, arguing that he should have been appointed post-conviction counsel and given an evidentiary hearing. We conclude that the petitioner presents a colorable claim for relief under the more lenient standards afforded a *pro se* petition. Accordingly, we reverse the summary dismissal of the petition and remand the case to the post-conviction court for the appointment of counsel.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Cynthia M. Fort, Nashville, Tennessee, for the appellant, Mario Pendergrass.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

Based on his participation in the 1993 kidnapping and murder of a Nashville taxicab driver, the petitioner, Mario Pendergrass, was convicted in a bench trial of premeditated murder, felony murder, especially aggravated kidnapping, and especially aggravated robbery. After merging the two first degree murder convictions, the trial court sentenced the petitioner to an effective sentence of life plus 44 years. This court affirmed the convictions and sentences on direct appeal, and the supreme court denied the petitioner's application for permission to appeal. See State v. Mario Pendergrass, No. M1999-02532-CCA-R3-CD, 2002 WL 517133, at *1 (Tenn. Crim. App. Apr. 5, 2002), perm. to appeal denied (Tenn. Oct. 7, 2002).

On April 16, 2003, the petitioner filed a *pro se*, fill-in-the-blank "Petition for Relief from Conviction or Sentence" in which he raised numerous grounds for relief and requested that counsel be appointed, but failed to provide any specific factual allegations in support of his claims. Accordingly, on May 12, 2003, the post-conviction court entered an order granting the petitioner an additional thirty days to supplement his petition with the specific allegations of fact on which his claims for relief were based. The petitioner responded with a *pro se* "Supplemental Pleadings and Memorandum of Law in Support" in which, as stated by the petitioner, the following grounds for relief were asserted:

**A)**  Prosecution intentionally withheld evidence as to witnesses['] statements that was favorable to the petitioner's [sic] violates due process rights.

**B)**  Petitioner was illegally seized and arrested without warrant.

**C)**  Petitioner['s] convictions was [sic] based on evidence that was constitutionally insufficient, and the unconstitutional failure of the prosecution to disclose to the petitioner's [sic] evidence favorable to the petitioner denied him due process rights.

**D)**  Petitioner['s] convictions was [sic] based on evidence that was constitutionally insufficient based upon inconsistent testimony by the witnesses, which denied him due process rights.

**E)**  Petitioner waived rights to jury trial was not knowingly and intelligently [sic].

**F)**  Petitioner was denied the effective assistance of counsel in violation of [the] Sixth Amendment to the United States Constitutional [sic].

In his accompanying memorandum of law, the petitioner asserted that the prosecution intentionally withheld statements by witnesses that would have been favorable to his defense, including the admission of James Patterson that, after fifteen years of drug abuse, he was either unable to remember things or remembered them inaccurately;[1] he was intimidated by police into

---

[1]Patterson recounted at trial that the petitioner responded to his accomplice's remark about killing someone by warning him to stop talking and that if he was "going down," his accomplice was going with him. Mario Pendergrass, 2002 WL 517133, at *4. On cross-examination, Patterson acknowledged he had used cocaine "'off and on' for "approximately fifteen years" and had spent the day of the murder "smoking marijuana, drinking beer, and using cocaine." Id.

making a statement following his warrantless, illegal arrest; he did not knowingly and intelligently waive his right to a jury trial; and his trial counsel were ineffective for failing to seek "proper discovery" or investigate the witnesses' inconsistent statements, to raise any objections to the inconsistent testimony at trial, or to properly prepare the petitioner "for a fair trial."

In an opinion filed on August 7, 2003, the post-conviction court denied the petition, finding that the petitioner had not met his burden of proving his allegations by clear and convincing evidence. Among other things, the court noted that whether the petitioner had knowingly waived his right to trial by jury and whether his statement should have been suppressed as the result of his allegedly unlawful arrest were issues which had previously been determined on direct appeal. The court found that the petitioner had failed to provide a sufficient factual basis for his other claims, including his claim of ineffective assistance of counsel:

> In the petition, petitioner makes only one allegation of ineffective assistance of counsel, which is based on counsel's failure to seek proper discovery regarding witnesses' testimony. However, petitioner neglects to provide any support for this contention or further expound on what measures counsel failed to take to insure a proper defense for the petitioner. For absence of detail and lack of a solid factual basis upon which a claim may be founded, this issue is without merit.

Thereafter, the petitioner filed a *pro se* notice of appeal to this court, followed by a motion for the appointment of appellate counsel, which we granted.

## ANALYSIS

The petitioner cites Billy Joe Henderson v. State, No. E2001-00438-CCA-R3-PC, 2001 WL 1464544, at \*1 (Tenn. Crim. App. Nov. 19, 2001), to argue that the allegations of fact he provided in his supplemental memorandum of law, when viewed under the more lenient standards afforded a *pro se* petition, were sufficient to present a colorable claim for post-conviction relief. The State disagrees, arguing that the petitioner failed to set forth "clear and specific facts upon which relief could be granted." We review the post-conviction court's denial of the petition, as an issue of law, *de novo* on the record without a presumption of correctness. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002).

Section 40-30-106 of the Post-Conviction Procedure Act of 1995 provides in pertinent part:

> (d) The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to

state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

(e) If a petition amended in accordance with subsection (d) is incomplete, the court shall determine whether the petitioner is indigent and in need of counsel. The court may appoint counsel and enter a preliminary order if necessary to secure the filing of a complete petition. Counsel may file an amended petition within thirty (30) days of appointment.

(f) Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law.

Tenn. Code Ann. § 40-30-106(d)-(f) (2003). A petition presents a "colorable claim," sufficient to withstand summary dismissal, when the facts alleged, "'taken as true'" and "'in the light most favorable to [the] petitioner'" would entitle the petitioner to relief under the Post-Conviction Procedure Act. Arnold v. State, 143 S.W.3d 784, 786 (Tenn. 2004) (quoting Tenn. Sup. Ct. R. 28, § 2(H)). Furthermore, as the petitioner points out, "[i]n deciding whether a 'colorable claim' is presented, *pro se* petitions should be held to less stringent standards than formal pleadings drafted by lawyers," with the petitioner given the aid of counsel if it cannot be conclusively determined from the petition and accompanying records whether he is entitled to relief under the Act. Billy Joe Henderson, 2001 WL 1464544, at *1 (citing Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993); Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988)).

Although the issue is close, we agree with the petitioner that, when viewed in the more liberal light afforded a *pro se* petition, the allegations of fact contained in the original and amended petitions were sufficient to entitle him to the appointment of counsel to aid him in drafting a more complete petition. At different points throughout his memorandum of law, the petitioner alleged, among other things, that various witnesses, including James Patterson, had made statements that would have been favorable to his defense. He further alleged that trial counsel failed to obtain the statements through proper discovery or adequate investigation and that such failure constituted "'cause and prejudice' which denied [him] a fair trial." These allegations, taken as true, would entitle the petitioner to relief under the Post-Conviction Procedure Act. See generally Arnold, 143 S.W.3d at 786 (concluding that *pro se* petition asserting that trial counsel was ineffective for failing to seek change of venue, in spite of "[c]onstant [e]xploitation" by news media in county where case tried, presented colorable claim).

-4-

Therefore, we reverse the denial of the petition and remand to the post-conviction court for the appointment of counsel.

_____
ALAN E. GLENN, JUDGE