**William G. ALLEN, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Supreme Court of Tennessee,
at Nashville.

June 1, 1993.

Richard McGee, Nashville, for defendant-appellant.

Charles W. Burson, Atty. Gen. & Reporter and Jeannie Kaess, Asst. Atty. Gen., Nashville, for plaintiff-appellee.

## OPINION

REID, Chief Justice.

This case presents for review the dismissal, upon the State's motion, of the appellant's 1989 *pro se* petition for post-conviction relief, without the appointment of counsel or further response by the State. Summary dismissal of the petition is not consistent with the language of the Post–Conviction Procedures Act or prior decisions of this Court.

The appellant was convicted in 1968 of first degree murder for the shooting of a police officer, and he was sentenced to 99 years in the penitentiary; the conviction and sentence were affirmed on appeal. *Canady v. State,* 3 Tenn.Cr.App. 337, 461 S.W.2d 53 (1970). A petition for post-conviction relief filed in 1971 was dismissed after an evidentiary hearing in which the appellant was represented by counsel. Upon dismissal of the present petition by the trial court, the appellant filed motions seeking the appointment of counsel, reconsideration of the order of dismissal, and permission to amend the petition, all of which were denied. The record before the Court consists only of the petition, the order dismissing the petition, and the notice of appeal. Counsel for the appellant was appointed in the Court of Criminal Appeals.

The Court of Criminal Appeals found that only three of the several grounds alleged in the petition raised constitutional issues and that only one ground, that the trial court charged the jury that malice may be presumed from the use of a deadly weapon, in violation of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), had not been predetermined or waived by the petition filed in 1971, eight years prior to the *Sandstrom* decision. The Court of Criminal Appeals, however, affirmed the dismissal. The Court of Criminal Appeals noted that under *Sandstrom,* a judge may not charge the jury in a homicide case that malice may be presumed from the use of a deadly weapon, but found that, "While the *Swanson* [*v. State,* 749 S.W.2d 731 (Tenn.1988)] court said that dismissal without appointment of counsel is rarely proper, such is not the case where the petition and record are sufficient to fully evaluate the merits of the claim," and concluded that any error was harmless because "[t]he record of the trial reflects that the petitioner participated in gunning down two police officers. The evidence demonstrated overwhelmingly that the killings were malicious."

Even though the State failed to file the record and otherwise comply with the statutory post-conviction procedure, the State asks the Court to take "judicial notice" of the evidentiary record in the appellant's 1968 trial and in the appellant's first petition for post-conviction relief. The State asserts that based on these records all non-*Sandstrom* issues raised by the appellant have been previously determined or waived under T.C.A. § 40–30–112. The State goes on to urge that the appellant's one *Sandstrom* issue can be overcome by any of three possible determinations by the Court: that *Sandstrom* should not apply retroactively, that the jury instruction given in the appellant's original trial did not violate *Sandstrom,* or that any violation of *Sandstrom* was harmless in light of evidence presented in the case.

The issues presented cannot be resolved as proposed by the State. T.C.A. § 40–30–114(a) requires that, "The district attorney general shall represent the State and respond by proper pleading on behalf of the State within thirty (30) days after receiving notice of the docketing or within such time as the court orders." This Court held in *Swanson* that not only must the State respond to the petition, its response must be adequate before a court may dismiss a petition presenting claims either not existing at the time of the prior petition or presenting reasons why the claims were not presented, unless the claims are conclusively incorrect:

[T]he State's Motion to Dismiss in response to the nature of the claim presented by this Petition was an *inadequate, perfunctory* pleading in this case. As stated, a subsequent post-conviction petition is not always precluded under the Act and the State's conclusory contention in the trial court that Petitioner

has filed a prior petition cannot be the sole grounds to justify a dismissal when the claim presented is that the ground did not exist at the time of the prior petition, unless this claim is *conclusively* incorrect.

749 S.W.2d at 736 (first emphasis added). It is the role of the State, and not the court, to file those parts of the record that are material to the questions raised in the petition.

> T.C.A. § 40–30–114 imposes upon the district attorney generals, with the assistance of the State Attorney General and his staff where appropriate, the duty to see that "the records or transcripts ... that are material to the questions raised therein" are timely filed in post-conviction proceedings. That portion of the charge given at the trial of this case dealing with malice should have been filed by the Shelby County District Attorney's office with its responsive pleading.

*Delbridge v. State*, 742 S.W.2d 266, 267 (Tenn.1987) (quoting T.C.A. § 40–30–114(b)).

The Post–Conviction Procedure Act, T.C.A. §§ 40–30–101 to 40–30–124, provides for challenges to convictions that are alleged to be either void or voidable because of an abridgement of the petitioner's constitutional rights. T.C.A. § 40–30–105. However, " 'post-conviction relief is not a forum to review errors of law as a substitute for direct appeal nor is it a forum in which to re-litigate claims of error raised and determined previously.' " *Swanson v. State*, 749 S.W.2d at 733 (quoting *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn. 1987)).

The Act provides that a petitioner is deemed to have waived a ground for post-conviction relief if, at the time of a prior hearing, that claim was available and a petitioner failed to litigate it. T.C.A. § 40–30–112(b)(1). However, the Act does not, as a matter of law, bar multiple suits attacking the same· conviction. *Laney v. State*, 826 S.W.2d 117, 118 (Tenn.1992); *Swanson*, 749 S.W.2d at 733–34. Petitions presenting a colorable claim for relief under the Act "should not be dismissed on technical grounds but should be considered on their merits." *Gable v. State*, 836 S.W.2d 558, 559 (Tenn.1992) (citing *Swanson*, 749 S.W.2d at 734). In deciding whether a colorable claim is presented, "*pro se* petitions are to be 'held to less stringent standards than formal pleadings drafted by lawyers.' " *Id.* at 559–60 (quoting *Swanson*, 749 S.W.2d at 734); *see also Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975). T.C.A. § 40–30–107 provides:

> No petition for relief shall be dismissed for failure to follow the prescribed form or procedure until after the judge has given the petitioner reasonable opportunity, with the aid of counsel, to file an amended petition.

In *State v. Smith*, 814 S.W.2d 45, 47 (Tenn. 1991), the Court construed Section 40–30–107, saying:

> The statute contemplates that after counsel has been appointed the petition will be amended, if necessary, so that when the petition is heard all grounds on which the petitioner may rely will be before the court.

The Act also provides that the trial court "may freely allow amendments and shall require amendments needed to achieve substantial justice and a full and fair hearing of all available grounds for relief." T.C.A. § 40–30–115(a). The statute as a whole, however, makes clear that the limiting effect of Section 40–30–112 must be considered in determining "all available grounds for relief."

In *Swanson v. State*, this Court held that:

> When a colorable claim is presented in a *pro se* petition, dismissal without appointment of counsel to draft a competent petition is rarely proper. If the availability of relief cannot be *conclusively* determined from a *pro se* petition and the accompanying records, the petitioner must be given the aid of counsel.

749 S.W.2d at 734.

The facts in the case before the Court are similar to those in *Swanson*. In that case the petitioner received a sentence of life for second degree murder in 1981. The jury was instructed that all homicides were

to be presumed malicious even though that instruction had been declared unconstitutional by the United States Supreme Court in *Sandstrom v. Montana,* in 1979. The erroneous jury charge was not raised at trial or on appeal, nor was it raised in a petition for post-conviction relief filed in 1983. This Court first applied *Sandstrom* the following year, in *State v. Bolin,* 678 S.W.2d 40 (Tenn.1984). The post-conviction petition raising the *Sandstrom* issue was not filed until 1986. In *Swanson,* like the case before the Court, the petitioner was not represented by counsel. The State filed a motion to dismiss on the ground that a prior post-conviction petition had been heard and dismissed, and the trial court summarily granted the State's motion. *Swanson,* 749 S.W.2d at 732–733. The petitioner then filed a motion to reconsider, requesting appointment of counsel and an opportunity to amend the petition, which motion was summarily denied. The Court of Criminal Appeals reversed and remanded the case to the trial court with instructions to appoint counsel and to hold an evidentiary hearing on the issue of waiver and any other relevant matters. This Court affirmed. *Id.* at 733.

In distinguishing *Swanson* from post-conviction petitions which may be dismissed because they do not state a colorable claim for relief, the Court has considered as significant attempts made by the petitioner to explain why the issues were not previously raised and whether the petitioner requested appointment of counsel. For example, in *State v. Smith,* the Court compared the petition before it with *Swanson,* as follows:

Both the present case and *Swanson* began with a *pro se* petition. However, in *Swanson* the *pro se* petition undertook to explain why the ground asserted could not have been presented in a prior petition. Additionally, after the trial court summarily sustained the State's motion to dismiss, the petitioner filed a motion to reconsider, in which he requested the appointment of counsel and an opportunity to amend the petition. This Court affirmed the Court of Criminal Appeals' reversal of the dismissal, holding that

the trial court, under the circumstances of the case, should not have dismissed the petition without the appointment of counsel or an evidentiary hearing.

814 S.W.2d at 47. And in *Gable v. State,* the Court noted:

[T]his case differs from *Swanson* in one crucial respect. In *Swanson,* we reversed the trial court's dismissal of the *pro se* petition because the trial court failed to provide the petitioner with the aid of counsel and a reasonable opportunity to amend the petition as required by Tenn.Code Ann. §§ 40–30–107 and 40–30–115. *Swanson,* 749 S.W.2d at 736. In this case, however, the petitioner was given both the aid of counsel and a reasonable opportunity to amend his petition after counsel had been appointed to represent him, and no amendment to the petition was ever prepared or filed.

836 S.W.2d at 560.

In this case, the asserted *Sandstrom* violation, recognized by the Court of Criminal Appeals as a constitutional claim that had not been previously litigated or waived, provides a colorable claim sufficient to make dismissal without appointment of counsel inappropriate under *Swanson.* Statements made by the Court in *Swanson* are determinative in this case. "If the availability of relief cannot be conclusively determined from a *pro se* petition and the accompanying records, the petitioner must be given the aid of counsel." *Swanson,* 749 S.W.2d at 734, citing T.C.A. §§ 40–30–104, 40–30–107, 40–30–115. "'[T]he assistance of counsel is necessary to aid both the petitioner and the courts in bringing this matter to a proper conclusion.'" *Id.* (quoting *State v. Butler,* 670 S.W.2d 241, 243 (Tenn.Crim.App.1984)).

In addition, the appellant asserts that refusing him the assistance of counsel prior to dismissing his petition, prevented him from making claims involving ineffective assistance of counsel and usage of perjured testimony by the State. The appellant also points out that though the Court of Criminal Appeals identified only three allegations that presented constitutional issues, other allegations which failed to specifically plead the underlying consti-

tutional grounds, if properly presented, would raise constitutional issues. For instance, the statements concerning the prosecutor's suppression of exculpatory evidence, if properly pled, could raise due process issues under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The trial court erred in failing to require the State to respond and to file the record of the two prior hearings, in failing to appoint counsel, and in failing to allow the appellant to amend his petition. Only after the petition has been amended by appointed counsel, and after the State has complied with its statutory duty to adequately respond to the petition before the trial judge, will this case be developed to the point where consideration of the merits is appropriate. The Court of Criminal Appeals' finding of harmless error was, at best, premature.

The judgment dismissing the petition is reversed, and the case is remanded to the trial court for appointment of counsel and further proceedings.

The costs of appeal are taxed to the State.

DROWOTA, DAUGHTREY and ANDERSON, JJ., concur.

O'BRIEN, J., not participating.