41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William ALLEN, Petitioner-Appellant,
v.
Michael DUTTON, Warden; Charles W. Burson, Respondents-Appellees.
 No. 94-5476.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Ve: ENGEL, MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 William Allen, a Tennessee prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Allen in 1968 of first degree murder. He was sentenced to 99 years in prison. The Tennessee Court of Criminal Appeals affirmed the conviction, Canady v. State, 461 S.W.2d 53 (Tenn.Crim.App.1970), and the Tennessee Supreme Court denied certiorari. Allen's first federal habeas petition was dismissed on November 24, 1971, for lack of exhaustion of state court remedies. A second habeas petition was rejected on the merits, with the decision affirmed by a panel of this court in an unpublished opinion. Allen v. Rose, No. 73-2215 (6th Cir. Apr. 30, 1974) (per curiam). Allen subsequently filed a state petition for post-conviction relief (PCR) which was denied in 1990; but on June 1, 1993, the Tennessee Supreme Court reversed and remanded the petition to the trial court for further proceedings with the aid of appointed counsel. Allen v. State, 854 S.W.2d 873 (Tenn.1993).
 
 
 3
 In his present pro se petition, filed on May 17, 1993, Allen presented twenty-nine numbered grounds for relief. The respondents filed a motion to dismiss for failure to exhaust state remedies, to which Allen, now represented by counsel, replied. A magistrate judge recommended granting the motion to dismiss in a report filed on December 22, 1993. Allen filed objections, but the district court adopted the magistrate judge's report and dismissed the petition in an order entered on March 2, 1994. On appeal, Allen argues that the district court erred by dismissing his habeas petition for lack of exhaustion.
 
 
 4
 Upon review, we affirm the district court's order because the ongoing state proceedings in Allen's PCR petition establish that Allen has not exhausted his state court remedies as to all of the issues raised in his habeas petition.
 
 
 5
 To warrant habeas relief, a petitioner must establish that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993). As a general rule, however, a state prisoner must first exhaust his available state court remedies. 28 U.S.C. Sec. 2254(b). Unless an exception applies, a petition must be dismissed for lack of exhaustion if it contains at least one issue which was not presented to the state courts so long as a remedy is still available for the petitioner to pursue in the state courts. Rose v. Lundy, 455 U.S. 509, 518-20 (1982).
 
 
 6
 Allen has not exhausted his state court remedies because the highest court in Tennessee has remanded Allen's Sandstrom issue (numbered 25 in his petition) to the trial court for further consideration. In addition, the Tennessee Supreme Court appears to have not foreclosed relief on Allen's ineffective assistance of counsel and perjured testimony issues. Allen, 854 S.W.2d at 876-77. Allen clearly has an opportunity to obtain redress in the Tennessee courts. Even if the trial court decides adversely to Allen's position, he may still appeal that decision.
 
 
 7
 Allen argues that he should be excused from the exhaustion requirement because a four-year "inordinate delay" in the state court process renders pursuit of that process ineffective to protect his rights. This argument is meritless. The Supreme Court has cautioned that an exception to the exhaustion requirement is warranted only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). Allen has failed to show that his effort to obtain relief through state process is futile. Within the four years since Allen filed his PCR petition, the trial court, court of criminal appeals, and supreme court have all considered and ruled on the petition. It has been less than a year and a half since entry of the Tennessee Supreme Court's opinion remanding the petition to the trial court. This delay is not by itself so unreasonable as to conclude that the state's remedy is ineffective.
 
 
 8
 Further, delay in a state court in and of itself is usually not sufficient to merit federal intervention and deviation from exhaustion requirements. A habeas petitioner generally must also show the existence of some additional factor, e.g., that the state delay is solely the result of inadequate state procedure, or is a result of discrimination against the petitioner, or that the state has been unnecessarily and intentionally dilatory. See Deters v. Collins, 985 F.2d 789, 796-97 (5th Cir.1993); Workman v. Tate, 957 F.2d 1339, 1344 (6th Cir.1992); Feeney v. Auger, 808 F.2d 1279, 1282 (8th Cir.1986). Allen contends that the state has shown bad faith in this case by continuing to argue a point of law which a different panel had decided in his favor in its consideration of the PCR petition of a codefendant. This argument is not persuasive.
 
 
 9
 Accordingly, the district court's order dismissing Allen's petition for lack of exhaustion, entered on March 2, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.