IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2002

## BILLY WAYNE COSBY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Giles County**
**No. 8918    Robert L. Jones, Judge**

———————————

**No. M2001-01538-CCA-R3-PC - Filed June 27, 2003**

———————————

The petitioner, Billy Wayne Cosby, pled nolo contendere in the Giles County Circuit Court to aggravated assault and received a sentence of eight years incarceration. Subsequently, the petitioner filed for post-conviction relief, which petition was denied. On appeal, the petitioner contests the summary dismissal of his post-conviction petition. Upon review of the record and the parties' briefs, we reverse the judgment of the post-conviction court and remand for the appointment of new counsel and further proceedings in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Lucy D. Henson, Pulaski, Tennessee, for the appellant, Billy Wayne Cosby.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

Pursuant to a plea agreement, the petitioner entered a plea of nolo contendere on April 4, 1998, to a charge of aggravated assault. The facts set forth at the guilty plea hearing established that the petitioner went to a house in Pulaski where he discovered his ex-wife. Using a sawed-off shotgun, the petitioner fired through a door, striking her in the arm. The plea agreement provided that the petitioner would be sentenced as a Range II multiple offender to eight years incarceration in the Tennessee Department of Correction.

Subsequently, on March 31, 1999, the Giles County Circuit Court Clerk received a letter from the petitioner requesting post-conviction relief. The petitioner stated in his letter that he

wanted to "file this post conviction under misrepresentation of counsel." Additionally, the petitioner alleged that he was not advised of his right to appeal and further alleged that when he pled guilty he was not aware that his wife had stated that "it was an accident." The court clerk sent a letter to petitioner advising him that his letter had been received and "Judge Hamilton has determined that the PCR can be filed on the basis of the letter." The clerk further advised the petitioner that the case would be placed on the April 19, 1999, docket for consideration of appointment of counsel.

The record reflects that on August 9, 1999, Judge Robert L. Jones entered an order stating that the petitioner's letter had been considered as a petition for post-conviction relief and summarily denying petitioner relief. The order did not set forth any findings of fact or the court's conclusions of law supporting the dismissal. The following day, August 10, 1999, the post-conviction court entered an order finding that the petitioner was indigent and appointing attorney Mac Peebles to represent the petitioner.

On May 5, 2000, the petitioner, acting pro se, filed a "Motion for Relief From Final Judgment." The petitioner alleged that on April 19, 1999, attorney James M. Peebles, Jr., had been appointed to represent him. He further stated that he was unaware of the court's order denying post-conviction relief. He asserted that "on or about April 11, 2000," he asked an attorney at the correctional facility to assist him in determining the status of his post-conviction proceeding. The attorney at the correctional facility was able to obtain a copy of the order dismissing the petition. The petitioner asserted that he was never advised that his petition had been dismissed and was never advised of his right to appeal the decision. On May 22, 2000, the post-conviction court entered an order denying the petitioner's motion.

Subsequently, the petitioner filed a pro se motion in this court requesting that we waive the timely filing of the notice of appeal. In an order dated July 27, 2001, this court concluded that the petitioner was attempting to appeal the post-conviction court's dismissal of his post-conviction petition. We noted that the post-conviction court had appointed counsel for the petitioner, that counsel had not been allowed to withdraw from representation, and that, generally, counsel appointed by post-conviction courts to represent petitioners in post-conviction proceedings are also responsible for representing the petitioners through the initial appellate review to this court. This court ordered counsel to file a response stating whether he had requested to withdraw from further representation of the petitioner and, if not, why he did not file a notice of appeal on behalf of the petitioner.

Counsel filed a response as ordered by this court. Counsel stated that he was appointed to represent the petitioner during proceedings on the underlying charges and that he had not heard from the petitioner since July 1, 1999. Counsel stated that at the petitioner's request, counsel filed a petition requesting the petitioner's transfer from the Giles County Jail to the Tennessee Department of Correction. The order approving the transfer was signed by the trial court on July 7, 1999. This court ordered counsel to file an amended response explaining to the court the nature of petitioner's post-conviction proceeding, whether he notified the petitioner that he had been

appointed to represent him in the post-conviction proceedings, and whether he notified the petitioner of the denial of his petition.

Accordingly, counsel filed an amended response stating that he was never informed of his appointment to represent the petitioner during the post-conviction proceeding and he did not know the reasons for the post-conviction court's denial of the petition. Additionally, counsel stated that he was "somewhat confused" as to what this court wanted of him and noted that he was seventy-four years old, in bad health, and was in the process of terminating his law practice. In response, this court allowed counsel to withdraw, waived the timely filing of the notice of appeal, and remanded this matter to the post-conviction court for the appointment of new counsel. This court further ordered that new counsel "immediately file a notice of appeal with the trial court."

Following remand to the post-conviction court, new counsel was appointed and the notice of appeal was filed. On appeal, the petitioner contends that the post-conviction court erred in summarily dismissing his pro se petition for post-conviction relief. The petitioner asserts that he was denied the "opportunity to realize post-conviction proceedings" and that this matter should be remanded to the post-conviction court to allow the petitioner "to amend his petition and seek post-conviction relief by and through the assistance of appointed counsel."

## II. Analysis

The Post-Conviction Procedure Act of 1995 provides that a post-conviction petition must be filed with the clerk of the court in which the conviction occurred. See Tenn. Code Ann. § 40-30-204(a) (1997). The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. See Tenn. Code Ann. § 40-30-206(d) (1997). A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant further proceedings. Id. Moreover, failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. Id. In the event that the petition is dismissed, the order of dismissal shall set forth the court's conclusions of law. See Tenn. Code Ann. § 40-30-206(f).

In Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002), our supreme court explained the process which a post-conviction court should use to determine whether a post-conviction petition should be dismissed without a hearing. First, the post-conviction court should consider the petition to determine whether the petition asserts a colorable claim. Id. A colorable claim is "a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Id.; see also Tenn. Sup. Ct. R 28 § 2(H). If the facts alleged, taken as true, do not state a colorable claim, the petition should be dismissed. See Tenn. Code Ann. § 40-30-206(f). When determining if a colorable claim has been presented, pro se petitions should be held to less stringent standards than formal pleadings drafted by lawyers. See Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993). "If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, an appellate must be given the aid of counsel." Billy Joe Henderson v. State, No. E2001-00438-CCA-R3-PC, 2001 WL 1464544, at *1 (Tenn. Crim. App. at Knoxville, Nov. 19, 2001).

If the post-conviction court determines that a pro se petitioner has presented a colorable claim, the court, upon determination that the petitioner is indigent, shall appoint counsel for the petitioner. See Tenn. Code Ann. § 40-30-207(b)(1). Counsel must file an amended petition or, if counsel concludes after consultation with the petitioner that the petition should not be amended, counsel must provide written notice to the court that an amended petition will not be filed. See Tenn. Code Ann. § 40-30-207(b)(2).

In the instant case, we are unable to conclude that the procedures set forth in the Post-Conviction Act were followed. As we noted, the petitioner was notified that his "letter" would be considered as a post-conviction petition and the issue of appointment of counsel would be considered on April 19, 1999. The record does not reflect the occurrence of any proceedings regarding this matter on April 19,1999.[1] On August 9, 1999, an order was entered dismissing the petition. The order summarily noted that the "defendant's letter which was treated as an application for post conviction relief be and the same is hereby dismissed."

Without explanation, the following day the trial court appointed counsel to represent the petitioner. The order does not indicate the nature of the proceedings for which counsel was appointed, but does reference the docket number of the petitioner's post-conviction proceedings.

It is apparent from the record, and the State concedes, that counsel was not aware of his appointment to represent the petitioner and that he took no action on the petitioner's behalf. The State further acknowledges that the order dismissing the post-conviction petition does not reflect the post-conviction court's basis for denying the petitioner's claim. Although we are unable to determine the basis for the court's dismissal of the post-conviction petition, the record does indicate that the dismissal was done prior to appointment of counsel and without the benefit of an evidentiary hearing. Regardless, the State contends that the petitioner's claim of ineffective assistance of counsel was without merit and is therefore subject to summary dismissal.

We are limited by the nature and the language of the document considered by the post-conviction court. This problem is further compounded by the post-conviction court's appointment of counsel after the summary dismissal of the post-conviction petition and by the failure of appointed counsel to take any action on behalf of the petitioner. Moreover, we are unable to conclusively determine the basis upon which the trial court dismissed the petition. From our review, it appears that the petitioner has alleged a colorable claim that he received the ineffective assistance of trial counsel. See Dean v. State, 59 S.W.3d 663, 667 (Tenn. 2001).

### III. Conclusion

---

[1] In response to an inquiry from the petitioner's appellate counsel, the official criminal court reporter for the Twenty-Second Judicial District stated that after spending "over 13 hours of uncompensated time playing wild Cosby chase . . . my professional opinion is that the [April 19, 1999] hearing did not occur in open court."

Based upon the foregoing, we conclude that this matter should be remanded to the post-conviction court for appointment of counsel to allow the appellant an opportunity to amend his post-conviction petition and for further proceedings in accordance with the 1995 Post-Conviction Act.

                                       _____

NORMA McGEE OGLE, JUDGE