IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2003

## JAMES C. BREER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Henry County**
**No. 13416     Julian P. Guinn, Judge**

———————

**No. W2002-02545-CCA-R3-PC  - Filed July 9, 2003**

———————

The Appellant, James C. Breer, appeals the summary dismissal of his *pro se* petition for post-conviction relief. The Henry County Circuit Court dismissed Breer's petition upon the ground that it failed to state a colorable claim. Tenn. Code Ann. § 40-30-206(f) (1997). After review, we conclude that a colorable claim is presented and the post-conviction court erred in dismissing Breer's petition without conducting an evidentiary hearing and without appointing counsel. Accordingly, we remand for proceedings consistent with this opinion.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

James Cleveland Breer, *pro se*, Henning, Tennessee.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

The Appellant is currently incarcerated at the West Tennessee High Security Facility where he is serving an effective eight-year sentence for three convictions of aggravated sexual battery. These convictions were affirmed on direct appeal. *State v. James Cleveland Breer*, No. W2001-00390-CCA-R3-CD (Tenn. Crim. App. at Jackson, Feb. 7, 2002). On August 26, 2002, the Appellant, proceeding *pro se,* filed a petition for post-conviction relief challenging his convictions upon six separate constitutional grounds. Included in the Appellant's petition was a request for the appointment of counsel with an inmate affidavit of indigency attached. On September 6, 2002, the

post-conviction court issued an order summarily dismissing the petition, finding that "no grounds are set forth in support of a bare conclusionary allegation of ineffective assistance of counsel or any other grounds cognizable in a post-conviction proceeding." A petition to reconsider, accompanied by a memorandum of law and a request for appointment of counsel, was filed by the Appellant and, thereafter, denied.

## Analysis

"A colorable claim is a claim . . . that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. R. Sup. Ct. 28, § 2(H). A petitioner establishes a colorable claim if he or she alleges facts showing that the conviction abridged a constitutional right and demonstrates that the ground for relief was not previously determined or waived. Tenn. Code Ann. §§40-30-203, -206(f); *Rickman v. State*, 972 S.W.2d 687, 693 (Tenn. Crim. App. 1997) (citing *Hugh Ronald Carmley v. State*, No. 03C01-9305-CR-00167 (Tenn. Crim. App. at Knoxville, Jan. 13, 1994)). In considering whether a post-conviction petition states a colorable claim for relief, the post-conviction court is to take the facts alleged in the petition as true. Tenn. Code Ann. § 40-30-206(f). In deciding whether a colorable claim is presented, *pro se* petitions should be "held to less stringent standards than formal pleadings drafted by lawyers." *Allen v. State*, 854 S.W.2d 873, 875 (Tenn. 1993) (quoting *Swanson v. State*, 749 S.W.2d 731 (Tenn. 1988)).

Under "Issue 3" of the Appellant's petition, he alleges that:

[H]e did not personally waive his right to testify at his own trial, and thus his fundamental Constitutional right to testify was violated, where defense counsel and the trial judge neither advised defendant of his right to testify nor discussed with him the advantages, and disadvantages of testifying or refraining from testifying. (sic) . . . In this case, it is apparent from the record that the petitioner did not personally waive the right to testify. In fact, the record is clear that counsel unilaterally decided not to call the petitioner as a witness at his own trial. Counsel neither advised, nor discussed the waiver of the right. Petitioner contends that had he known of such a right, the outcome of the trial would have been different.

In support of this argument, the Appellant cites *Momon v. State*, 18 S.W.3d 152, 162 (Tenn. 1999). Additionally, within his ineffective assistance of counsel claim, the Appellant alleges that trial counsel was deficient in the following respects:

[F]or the failure to present a defence (sic) to the charge against him. And the provisions relevant in this case was the failure of counsel to conduct appropriate investigation both factual and legal to determine what matters of defense are

-2-

available, to interview the states witnesses, and secure information in the possession of the prosecution.[1]

Although we find that the Appellant's ineffective assistance of counsel claim is only minimally supported by a factual basis, nonetheless, we conclude that the petition presents a "colorable claim" within the meaning of Rule 28 § 2(H), Rules of the Supreme Court of Tennessee.

Based upon our finding of a "colorable claim," we reverse the post-conviction court's ruling dismissing the petition. Moreover, Rule 28, § 6(B)(3)(a) further provides that, "In the event a colorable claim is stated, the judge shall enter a preliminary order which [] appoints counsel, if petitioner is indigent." In view of the Appellant's request for appointment of counsel, with an attached supporting affidavit of indigency, we remand for a determination of indigency and, if found indigent, appointment of counsel. We remand the case with leave to amend the petition by appointed counsel and for an evidentiary hearing on all colorable claims presented.

_____
DAVID G. HAYES, JUDGE

---

[1] These allegations were included within the Appellant's amended petition as authorized by Tennessee Code Annotated § 40-30-206(d).