IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 8, 2005

## TONEY L. CONN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-A-389    Steve Dozier, Judge**

_____

**No. M2004-00220-CCA-R3-PC - Filed April 19, 2005**

_____

The petitioner appeals the summary dismissal of his petition for post-conviction relief, arguing that he should have been appointed post-conviction counsel to assist him with his petition. We conclude that the petitioner alleges a colorable claim for relief under the less stringent standards afforded to a *pro se* petitioner and that the petitioner's request for counsel should have been granted. Accordingly, we reverse the dismissal of the petition and remand the case to the post-conviction court for the appointment of counsel.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Case Remanded**

J.C. MCLIN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Toney L. Conn, Nashville, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, III., District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts

According to the trial court's order dismissing the petitioner's petition for post-conviction relief, the petitioner was convicted of possession with intent to sell twenty-six grams or more of a schedule II controlled substance, felony possession of a weapon, possession of drug paraphernalia,

and possession of a controlled substance.[1]  The petitioner was sentenced on August 23, 2002, to an effective sentence of fifteen years.  The petitioner did not appeal his convictions or his sentence but subsequently filed a *pro se* fill-in-the-blank "Petition for Relief from Conviction or Sentence" and "Uniform Civil Affidavit of Indigency" on June 13, 2003.  The petitioner alleged in his petition the following grounds for relief: (1) the conviction was based on use of evidence gained pursuant to an unconstitutional search and seizure; (2) the conviction was based upon action of a grand jury, unconstitutionally selected and impaneled; (3) the denial of effective assistance of counsel; (4) and illegal evidence was obtained through an unconstitutional search and seizure.

On June 27, 2003, the post-conviction court, by order, found that the petitioner had failed to state sufficient grounds for his constitutional claims and gave the petitioner fifteen days to amend his petition.  On July 15, 2003, the petitioner filed a motion for a time extension.  In his motion, the petitioner stressed that he did not understand the law and feared that his lack of understanding would result in waiver of an issue.  He also claimed that he did not have access to the trial record and that he believed he should be appointed counsel pursuant to Tennessee Code Annotated section 40-30-106(e).  As a result, the petitioner asked for either an additional grant of time or appointment of counsel.

On July 27, 2003, by order, the post-conviction court dismissed the petitioner's *pro se* post-conviction petition.  The post-conviction court found no sufficient grounds upon which to grant relief.  Apparently, on January 5, 2004, the post-conviction court again considered the petitioner's *pro se* petition and dismissed the petition as time barred by the one year statute of limitations.[2]  Thereafter, the petitioner filed an appeal to this Court, along with a motion for the appointment of counsel.

Analysis

On appeal, the petitioner argues that the post-conviction court improperly dismissed his *pro se* petition for post-conviction relief without appointment of counsel to assist petitioner with his petition.  Specifically, the petitioner argues that the court knew that the petitioner was illiterate and indigent, and therefore, should have appointed counsel when requested by the petitioner in his motion for time extension.  The State disagrees, arguing that the post-conviction court properly dismissed the petition where the petitioner offered nothing to support his allegations and did not comply with the requirements set forth in Tennessee Annotated section 40-30-106.

Whether a post-conviction court properly dismissed a petition for failure to state a claim is a question of law and is therefore reviewed *de novo*.  See Burnett v. State, 92 S.W.3d 403, 406

---

[1] Only the petitioner's petition for post-conviction relief and the trial court's orders are included in the record.  Therefore, we are assuming that the trial court's order dismissing the petitioner's post-conviction petition accurately reflects the petitioner's convictions.  We are also assuming that the date the petitioner was sentenced is accurately reflected in the parties' briefs.

[2] The record only reflects the order dismissing the petition as time barred.

(Tenn. 2002); <u>Fields v. State</u>, 40 S.W.3d 450, 457 (Tenn. 2001).  Pursuant to the Post-Conviction Procedure Act, a post-conviction petition must specify grounds for relief including disclosure of the factual basis of those grounds.  Tenn. Code Ann. § 40-30-106(d).  Section 40-30-106 of the Post-Conviction Procedure Act provides in pertinent part:

> (d) The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.
> (e) If a petition amended in accordance with subsection (d) is incomplete, the court shall determine whether the petitioner is indigent and in need of counsel. The court may appoint counsel and enter a preliminary order if necessary to secure the filing of a complete petition. Counsel may file an amended petition within thirty (30) days of appointment.
> (f) Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law.

Tenn. Code Ann. § 40-30-106(d)-(f).

In the instant case, we note that rather than attempting to amend his *pro se* petition, the petitioner requested additional time or, in the alternative, appointment of counsel to assist him in preparation of his amended petition.  Looking to the Tennessee Supreme Court Rules, we note that once a petition is filed, a judge shall review the petition and determine whether the petition states a colorable claim. Tenn. Sup. Ct. R. 28, § 6(B)(2).  A colorable claim is "a claim in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." <u>Arnold v. State</u>, 143 S.W.3d 784, 786 (Tenn. 2004) (quoting Tenn. Sup. Ct. R. 28, § 2(H)).  "Post-conviction relief is available only when 'the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States.'" <u>Id.</u> (quoting Tenn. Code Ann. § 40-30-203).  In determining whether a colorable claim exists "pro se petitions are to be held to less stringent standards than formal pleadings drafted by lawyers." <u>Allen v. State</u>, 854 S.W.2d 873, 875 (Tenn. 1993) (citations omitted).  "In the event a colorable claim is stated, the judge shall enter a preliminary order which . . . appoints counsel, if petitioner is indigent." Tenn. Sup. Ct. R. 28, § 6(B)(3)(a).  "In the event the court concludes after the preliminary review that a colorable claim is not asserted by the petition, the court shall enter an order dismissing the petition or an order requiring that the petition be amended." <u>Id.</u> at § 6(B)(4)(a).  However, "[n]o pro se petition shall be

dismissed for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition *with* the assistance of counsel." Id. at § 6(B)(4)(b) (emphasis added); see also Allen, 854 S.W.2d at 875.

Although the issue is close, we determine that, when viewed in the light most favorable to petitioner, the petitioner's claims presented in his original *pro se* petition, along with the petitioner's subsequent request for counsel, entitle him to the appointment of counsel to aid him in drafting a more complete petition. Thus, when requested by the petitioner, the post-conviction court should have appointed counsel to assist him. Consequently, the dismissal of the petitioner's post-conviction petition is reversed and the case is remanded for appointment of counsel.

 

_____
J.C. McLIN, JUDGE