IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 13, 2007

## RICHARD MICHAEL STEPHENS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Wilson County**
**No. 05-0086    John D. Wooten, Jr., Judge**

---

**No. M2006-00898-CCA-R3-PC - Filed October 30, 2007**

---

In 2005, Petitioner, Richard M. Stephens, was indicted on ten counts of rape, ten counts of incest and seven counts of sexual battery by an authority figure. Petitioner pled guilty to two counts of rape, one count of incest and one count of sexual battery by an authority figure. As a result, Petitioner was sentenced to an effective sentence of twenty-two years. Petitioner subsequently filed a *pro se* petition for post-conviction relief, alleging, among other things, that he received ineffective assistance of counsel. The post-conviction court summarily dismissed the petition without a hearing. On appeal, Petitioner alleges that the trial court improperly dismissed the petition for post-conviction relief. We reverse and remand the dismissal of the post-conviction petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and J. C. McLIN, JJ., joined.

Richard Michael Stephens, Pro Se, Nashville,Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Robert H. Hibbett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

On February 15, 2005, the Wilson County Grand Jury returned a twenty-seven count indictment against Petitioner. The indictment charged Petitioner with ten counts of rape, ten counts of incest and seven counts of sexual battery by an authority figure. On July 22, 2005, Petitioner pled

guilty to two counts of rape, one count of incest and one count of sexual battery by an authority figure. The trial court sentenced Petitioner to eight years for each rape conviction. In addition, Petitioner was sentenced to three years for the incest conviction and three years for the sexual battery conviction. The trial court ordered the sentences to run consecutively, for a total effective sentence of twenty-two years.

On December 3, 2005, Petitioner filed a pro se petition for post-conviction relief. In the petition, Petitioner claimed, inter alia, that he received ineffective assistance of counsel because trial counsel "did not suggest any involvement of double jeopardy."

On March 6, 2006, the post-conviction court determined that Petitioner failed to present a colorable claim for post-conviction relief and entered an order summarily dismissing the petition.

Petitioner filed a notice of appeal in this Court on April 21, 2006. On appeal, Petitioner argues that the post-conviction court improperly dismissed the petition for post-conviction relief.

*Dismissal of Appeal*

Initially, the State submits that Petitioner's appeal is not properly before this Court because Petitioner filed his notice of appeal on April 21, 2006, beyond the thirty-day period from the entry of the order dismissing the post-conviction petition on March 6, 2006. Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that in criminal cases the notice of appeal document is not jurisdictional and that timely filing may therefore be waived in the interest of justice. We have determined to exercise our discretion and, in the interest of justice, waive the timely filing of the notice of appeal in order to consider Petitioner's issue.

*Ineffective Assistance of Counsel*

Petitioner argues on appeal that the trial court erred in dismissing his petition without holding an evidentiary hearing. The State concedes that Petitioner is entitled to a hearing because he has stated a colorable claim for post-conviction relief.

In *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002), our supreme court explained the review process a post-conviction court must follow when reviewing a petition for post-conviction relief. First the post-conviction court must determine whether the petitioner has presented a colorable claim. *Id.* A colorable claim is "'a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under Post-Conviction Procedure Act.'" *Id.* (quoting Tenn. Sup. Ct. R. 28 § 2(h)). Our supreme court stated if no colorable claim is presented, then the post-conviction court may dismiss the petition. *Id.* If it is determined that a colorable claim has been presented, then the post-conviction court may appoint counsel to a pro se petitioner. *Id.* at 407. The court went on to state, "once a petitioner is afforded the benefit of counsel, the trial court

may evaluate the claim and determine whether the petitioner is entitled to relief without holding an evidentiary hearing." *Id.* Therefore, once it has been ascertained that a colorable claim has been presented, a post-conviction court may not dismiss a petition before the appointment of counsel and allowance of time to amend the petition. Further, "[i]n deciding whether a 'colorable claim' is presented, *pro se* petitions should be held to less stringent standards than formal pleadings drafted by lawyers," with the petitioner given the aid of counsel if it cannot be conclusively determined from the petition and accompanying records whether he is entitled to relief under the Act. *Billy Joe Henderson v. State*, No. E2001-00438-CCA-R3-PC, 2001 WL 1464544, at *1 (Tenn. Crim. App., at Knoxville, Nov. 19, 2001) (citing *Allen v. State*, 854 S.W.2d 873, 875 (Tenn. 1993); *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988) (emphasis in original)).

The question becomes whether Petitioner herein presented a colorable claim. In the case sub judice, Petitioner alleged that he received ineffective assistance of counsel because trial counsel "did not suggest any involvement of double jeopardy" in his case. To support his argument, Petitioner alleged that counts one and two of the indictment were identical. While Petitioner's claim is not entirely clear and lacks a certain degree of specificity, it is clear that Petitioner is alleging that his constitutional right to effective assistance of counsel was violated and a potential violation of his protection against double jeopardy occurred due to counsel's alleged deficiency in advising him with regard to this issue prior to his guilty pleas. Consequently, although the issue is close, we agree with Petitioner and the State that, when viewed in the more liberal light afforded a pro se petition, the allegations of fact contained in the original petition were sufficient to entitle Petitioner to the appointment of counsel to aid him in drafting a more complete petition. Consequently, we reverse and remand the judgment of the post-conviction court for further proceedings. On remand to the post-conviction court, counsel should be appointed for Petitioner and the matter should proceed in accordance with the procedures of the Post-Conviction Procedure Act. *See* T.C.A. § 40-30-101, et. seq., and Rule 28, Rules of the Supreme Court.

*Conclusion*

For the foregoing reasons, we reverse the judgment of the post-conviction court and remand for appointment of counsel and a post-conviction hearing.

_____
JERRY L. SMITH, JUDGE