# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### OCTOBER 1997 SESSION



**FILED**

November 6, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **JAMES D. LANE,** | ) | |
| | ) | **NO. 01C01-9611-CR-00468** |
| Appellant, | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. THOMAS H. SHRIVER, JUDGE** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

**FOR THE APPELLANT:**

**J. ROBIN MCKINNEY, JR.**
214 2nd. Ave. N.
Suite 103
Nashville, TN 37201

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELIZABETH B. MARNEY**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**PAMELA S. ANDERSON**
Assistant District Attorney General
Washington Square, Suite 500
222 2nd Ave. N.
Nashville, TN 37201-1649

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

The appellant, James D. Lane, appeals the dismissal of his petition for post-conviction relief by the Davidson County Criminal Court. At issue is whether appellant's prior guilty plea was knowingly and voluntarily entered, and whether appellant was deprived of effective assistance of counsel. We affirm the judgment of the trial court.

## PROCEDURAL HISTORY

On October 25, 1993, appellant pled guilty to two counts of simple robbery, each a Class C felony. He was sentenced by agreement to three (3) years on each count to be served consecutively on community corrections after an initial four (4) months in the drug and alcohol program in the Corrections Corporation of America institution. The effective sentence was six (6) years on community corrections. In exchange, he was the beneficiary of dismissed charges to include one count of abuse of an elderly person and one count of abuse of a child. After his incarceration for violations of his community corrections sentence, appellant filed a petition for post-conviction relief claiming his original attorney had failed to interview witnesses and had used his mother's influence to convince him to plead guilty to the original charges. The trial court dismissed the petition after an evidentiary hearing.

## STANDARD OF REVIEW

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Dixon v. State, 934 S.W.2d 69, 72 (Tenn.

Crim. App. 1996).  This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge.  Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).  Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court.  Black v. State, 794 S.W.2d at 755.  The burden of establishing that the evidence preponderates otherwise is on petitioner.  Id.

## POST-CONVICTION HEARING

The transcript of the the post-conviction hearing reveals that trial counsel filed a motion to withdraw the guilty plea on November 8, 1993, concurrent with his motion to withdraw as counsel.  The record shows that appellant decided not to seek withdrawal of the guilty plea.  Counsel testified that appellant acknowledged his abandonment of the motion in open court.  Appellant testified he could not recall.

In the case before us, the trial court found the testimony of the attorney credible and found the testimony of the appellant to be contradictory to past proceedings.  The trial court found that counsel's performance met the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975).  The trial court further found the guilty plea was voluntarily entered.  There is nothing in the record to preponderate against the trial court's findings.

## ABSENCE OF GUILTY PLEA TRANSCRIPT

We note that there was no transcript of the guilty plea proceeding admitted into evidence at the post-conviction hearing, and there is no supplement to the record.  The trial judge relied on his memory and his standard procedure in taking guilty pleas.  We cannot review the memory of the trial court, and this deficiency would generally hamper our ability to effectively review the record.  However, appellant's claim of undue influence by his mother causing him to plead guilty was

3

negated by appellant's post-conviction testimony when he admitted he pled guilty of his own free will, that he could have pled "not guilty," and that there were no threats or promises made in exchange for his plea. His mother, who was also his victim in one count of robbery, died prior to the post-conviction hearing.

The Post-Conviction Procedures Act of 1995, specifically Tenn. Code Ann. § 40-30-208(b), does not expressly mandate that the district attorney general obtain "records or transcripts, or parts of records or transcripts that are material to the questions raised . . ."; rather it empowers the district attorney general to do so. The filing of these records is now more permissive in that the district attorney general "may file them with the responsive pleading or within a reasonable time thereafter." Id. (emphasis added). In the previous codification of this section, these were clearly the mandatory responsibility of the district attorney general. See Tenn. Code Ann. § 40-30-114(b) (1990); Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993).

Tenn. R. Sup. Ct. R. 28, § 6 specifically addresses the obligation for procurement of material documentation. Within thirty days of filing of the petition, the judge to whom the case is assigned must review the petition and all documents to determine whether the petition states a colorable claim. In the event of a colorable claim, the judge shall enter a preliminary order which:

(a)    appoints counsel, if petitioner is indigent;
(b)    sets a deadline for the filing of an amended complaint;
(c)    directs disclosure by the state of all that is required to be disclosed under Rule 16 of the Tennessee Rules of Criminal Procedure, to the extent relevant to the grounds alleged in the petition, and any other disclosure required by the state or federal constitution;
(d)    orders the state to respond and, if appropriate, to file with the clerk certain transcripts, exhibits, or records from the prior trial or hearing; and
(e)    makes other orders as are necessary to the efficient management of the case.

Id. (emphasis added).

The preliminary order herein failed to follow (d) above, and no transcript was produced. However, as set out earlier in this opinion, the error was harmless due to appellant's post-conviction testimony which indicated that his plea was voluntarily entered. See Hogan v. State, C.C.A. No. 01C01-9604-CC-0061, Dickson County (Tenn. Crim. App. filed March 13, 1997, at Nashville).

4

## CONCLUSION

The judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**WILLIAM M. BARKER, JUDGE**