FILED

05/16/2017

Clerk of the
Appellate Courts



# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 5, 2017

## SHEILA MITCHELL v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Gibson County
### No. 9563      Clayburn Peeples, Judge

_____

### No. W2016-01356-CCA-R3-PC

_____

Pro se petitioner Sheila Mitchell appeals from the post-conviction court's summary denial of relief. In this appeal, the State concedes, and we agree, that the petitioner stated a colorable claim in her petition. Accordingly, we reverse the judgment of the post-conviction court and remand for appointment of counsel.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Sheila Mitchell, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Garry G. Brown, District Attorney General; and Jerald M. Campbell, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The petitioner apparently pleaded guilty to drug-related offenses and received a twelve-year sentence on January 28, 2015.[1] On January 12, 2016, she filed a pro se petition seeking post-conviction relief and the appointment of counsel. In her pro se memorandum supporting the petition, she alleged the following grounds for relief: (1) that her conviction was based on an unlawfully induced guilty plea or guilty plea involuntarily entered without understanding of the nature and consequences of the plea; (2) that she was coerced into accepting the terms of the guilty plea because trial counsel

---

[1] Because the record does not contain the judgment of conviction or any other reference from which this court can discern the petitioner's actual case, we glean all of our information in this matter from the petitioner's pro se petition and her brief.

told her that she would be convicted and receive a 42-year sentence; (3) that she was under the influence and does not remember signing the "waiver" to have her attorney present; and (4) ineffective assistance of counsel based on trial counsel's failure to adequately advise her regarding the plea agreement, provide discovery, file any pre-trial motions, subpoena witnesses, or raise certain issues on appeal.

On March 21, 2016, the State filed its response, denying the factual allegations raised in the petition. On March 30, 2016, the petitioner filed a pro se reply to the State's response. On May 19, 2016, the post-conviction court denied the petitioner's pro se petition for post-conviction relief by order. The post-conviction court's order began by noting, "This matter came to be heard on [May 9, 2016][.]" The order further stated, "[a]fter considering the petition, the subsequent pleadings thereto, and the entire record in this cause, the Court is of the opinion that the Petition for Post-conviction relief should be denied." The petitioner then filed a notice of appeal.

This court has previously held that petitions for post-conviction relief presenting a colorable claim for relief under the Post-Conviction Procedure Act "should not be dismissed on technical grounds but should be considered on their merits." Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993) (internal citations and quotations omitted). In deciding whether a colorable claim is presented, pro se petitions are to be held to less stringent standards than formal pleadings drafted by lawyers. Id. Tennessee Code Annotated section 40-30-107 outlines the procedure to be followed regarding pro se petitioners and provides, in pertinent part:

> No petition for relief shall be dismissed for failure to follow the prescribed form or procedure until after the judge has given the petitioner reasonable opportunity, with the aid of counsel, to file an amended petition.

After counsel has been appointed the petition will be amended, if necessary, so that when the petition is heard all grounds on which the petitioner may rely will be before the court. Allen, 854 S.W.2d at 875. When a colorable claim is presented in a pro se petition, dismissal without appointment of counsel to draft a competent petition is rarely proper. Swanson v. State, 749 S.W.2d 731,734 (Tenn. 1988). If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel. Id.

We acknowledge, as did the State, that the record in this appeal is woefully inadequate. It does not contain the petitioner's judgment of conviction, a transcript from the guilty plea hearing, an order appointing post-conviction counsel, or a transcript showing that a hearing was conducted by the post-conviction court on the issues presented in this matter. Nevertheless, we agree with the State, and conclude that the

petitioner raised a colorable claim for relief in her petition. Therefore, at a minimum, she was entitled to the appointment of post-conviction counsel to assist her in filing an amended petition for post-conviction relief, which does not appear to have occurred in this record. We therefore remand this matter to the post-conviction court for appointment of counsel and any other proceedings consistent with the aforementioned authority.

## CONCLUSION

Based on the above reasoning and analysis, the judgment of the post-conviction court is reversed. We remand this matter to the post-conviction court for the appointment of counsel and any other proceedings consistent with this opinion.

_____
CAMILLE R. McMULLEN, JUDGE