IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 17, 2019

## PRESTON JAMAR SHEPHERD v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-74077  Royce Taylor, Judge**

_____

### No. M2018-00945-CCA-R3-PC
_____

Preston Jamar Shepherd, Petitioner, filed a pro se petition for post-conviction relief using the form provided in Appendix A of Rule 28 of the Rules of the Supreme Court. Petitioner checked seven of the twelve "Grounds of Petition" listed in the form, including ground (2), that his convictions were "based on use of coerced confession" and (9), that he was denied effective assistance of counsel. After ground (2), Petitioner wrote "(due to mental capacity)," and after ground (9), Petitioner wrote "([f]ailed to go over facts/evidence with [Petitioner], and properly inform)." The post-conviction court found that the petition failed to state a factual basis for relief and summarily dismissed the petition for failing to comply with Tennessee Code Annotated section 40-30-106(d). We determine that the petition stated a colorable claim, reverse the summary dismissal, and remand for entry of a preliminary order pursuant to Tennessee Code Annotated section 40-30-107(b).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Preston Jamar Shepherd, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and John C. Zimmermann, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

Petitioner was indicted in Count 1 of case no. 74077 for Class A felony possession with intent to sell or deliver .5 grams or more of cocaine in a drug-free school zone, in Count 2 for Class E felony possession of a firearm during the commission of a felony involving the possession with intent to sell or deliver a controlled substance, and in Count 3 for Class D felony possession of a handgun after being convicted of a felony drug offense and a felony involving force. The offenses were alleged to have occurred on December 19, 2014. In Count 4, Petitioner was indicted for Class A felony delivery or sale of .5 grams or more of cocaine in a drug-free school zone that was alleged to have occurred on December 15, 2014.

On April 27, 2017, Defendant pled guilty as a standard offender to two counts of Class B felony possession of less than .5 grams of cocaine in a drug-free school zone and was sentenced to eight years' incarceration in both Counts. Counts 2 and 3 were dismissed. The sentences were ordered to be served at 100% pursuant to Tennessee Code Annotated section 39-17-432(c) and were ordered to be served concurrently.

On April 10, 2018, Petitioner filed a timely pro se post-conviction relief petition, utilizing a form substantially identical to the form provided in the Appendix to Rule 28 of the Rules of the Supreme Court. Petitioner checked seven of the twelve possible grounds for relief listed on the form, and Petitioner included handwritten notations following certain grounds. The seven grounds checked and Petitioner's notations, which appear in parenthesis, were as follows:

> (1) Conviction was based on unlawfully induced guilty plea or guilty plea involuntarily entered without understanding of the nature and consequences of the plea.

> (2) Conviction was based on use of coerced confession. (due to mental capacity)

> (3) Conviction was based on use of evidence gained pursuant to an unconstitutional search and seizure. (invalid warrant)

> (6) Conviction was based on the unconstitutional failure of the prosecution to disclose to defendant evidence favorable to defendant. (*Brady* violation)

- 2 -

(9) Denial of effective assistance of counsel. (Failed to go over facts/evidence with me, and properly inform.)

(11) Illegal evidence. (Fruit of poisioness [sic] tree)

(12) Other grounds. (*U.S. v. Cronic* violations) (See attached grounds)

On April 27, 2018, the post-conviction court summarily dismissed the petition, finding that Petitioner "fail[ed] to include a 'full disclosure of the factual basis'" of the grounds raised in the petition. The court characterized the petition as a "bare allegation" and found that the petition failed to state a factual basis for relief and dismissed the petition for failing to comply with Tennessee Code Annotated section 40-30-106(d).

## **Analysis**

Tennessee Code Annotated section 40-30-106(d) states:

> The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tenn. Code Ann. § 40-30-106(d).

Tennessee Supreme Court Rule 28, section 5(E)(4) provides that the post-conviction petition must contain "specific facts supporting each claim for relief asserted by [the] petitioner[.]" Petitions that do not have specific factual allegations are subject to summary dismissal. Tenn. Sup. Ct. R. 28, § 5(F)(3).

Tennessee Supreme Court Rule 28, section 6(B)(2) requires that "[w]ithin thirty (30) days after a petition or amended petition is filed, [the post-conviction court] shall review the petition and all documents related to the judgment and determine whether the petition states a colorable claim." Tenn. Sup. Ct. R. 28, § 6(B)(2). Tennessee Supreme Court Rule 28, section 2(H) defines a "colorable claim" as "a claim, in a petition for post-conviction relief, that, if taken as true, and in the light most favorable to the petitioner,

would entitle the petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H).

We review a post-conviction court's summary dismissal of a petition for post-conviction relief de novo. *See Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004). When determining whether a colorable claim has been presented, pro se petitions are held to a less rigid standard than formal pleadings drafted by attorneys. *Allen v. State*, 854 S.W.2d 873, 875 (Tenn. 1993). "If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel." *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988) (citing Tenn. Code Ann. §§ 40-30-104, -107, -115).

In this case, Petitioner claimed that he received the ineffective assistance of counsel because counsel "[f]ailed to go over facts/evidence with [Petitioner], and [failed] properly inform" Petitioner and that his convictions were "based on use of coerced confession" due to Petitioner's mental capacity. Taking these two claims as true, and in the light most favorable to Petitioner, we determine that the petition stated a colorable claim. *Derrick Helms v. State*, No. E2017-02421-CCA-R3-PC, 2018 WL 4692462, at *1–2 (Tenn. Crim. App. Sept. 28, 2018).

### **Conclusion**

After reviewing the facts and applicable case law and statutes, we reverse the summary dismissal of the petition and remand the case to the post-conviction court for entry of a preliminary order pursuant to Tennessee Code Annotated section 40-30-107(b).

_____
ROBERT L. HOLLOWAY, JR., JUDGE