# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs April 10, 2007

## BILLY HARRIS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 01-02675, 01-02676     Carolyn Wade Blackett, Judge**

---

**No. W2006-01150-CCA-R3-PC - Filed July 3, 2007**

---

The *pro se* petitioner, Billy Harris, appeals the summary dismissal of his *pro se* petition for post-conviction relief, arguing that he was entitled to the appointment of counsel and an evidentiary hearing. Following our review, we reverse the judgment of the post-conviction court and remand for the appointment of counsel.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DAVID G. HAYES, J., joined.

Billy Harris, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Lora D. Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The petitioner was convicted by a Shelby County Criminal Court jury of rape and three counts of aggravated kidnapping and was sentenced by the trial court to an effective sentence of twenty years in the Department of Correction. On direct appeal, this court concluded that the evidence was sufficient to sustain the convictions but that the trial court erred by not merging the kidnapping convictions and by misapplying several enhancement factors to the sentences. Accordingly, we remanded the case to the trial court for resentencing and entry of new judgment forms. State v. Billy Harris, No. W2003-01911-CCA-R3-CD, 2004 WL 1765532, at *12 (Tenn. Crim. App. Aug. 4, 2004), perm. to appeal denied (Tenn. Dec. 20, 2004). On February 28, 2005, the

trial court entered new judgment forms in the case, which reflect that the petitioner was resentenced to an effective ten-year sentence in the Department of Correction.

On February 1, 2006, the petitioner filed a *pro se* petition for post-conviction relief in which he raised a number of claims, including ineffective assistance of counsel, prosecutorial misconduct, and various errors in the trial court's evidentiary rulings. On May 3, 2006, the post-conviction court dismissed the petition without the appointment of counsel or an evidentiary hearing, finding that the petitioner had failed to provide clear and specific statements containing a factual basis for the grounds alleged in the petition. On May 19, 2006, the petitioner filed a timely notice of appeal to this court.

## ANALYSIS

Asserting that his petition presented colorable claims for relief, the petitioner contends that the post-conviction court should have appointed counsel and held an evidentiary hearing to allow him to present evidence in support of those claims. The State responds that the post-conviction court properly dismissed the petition on the basis that the petitioner failed to state an adequate factual basis for the grounds alleged in the petition. We review the post-conviction court's dismissal of the petition, as an issue of law, *de novo* on the record without a presumption of correctness. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002).

Section 40-30-106 of the Post-Conviction Procedure Act provides in pertinent part:

(d) The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

(e) If a petition amended in accordance with subsection (d) is incomplete, the court shall determine whether the petitioner is indigent and in need of counsel. The court may appoint counsel and enter a preliminary order if necessary to secure the filing of a complete petition. Counsel may file an amended petition within thirty (30) days of appointment.

(f) Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the

petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law.

Tenn. Code Ann. § 40-30-106(d)-(f) (2006). A petition presents a "colorable claim," sufficient to withstand summary dismissal, when the facts alleged, "'taken as true'" and "'in the light most favorable to [the] petitioner'" would entitle the petitioner to relief under the Post-Conviction Procedure Act. Arnold v. State, 143 S.W.3d 784, 786 (Tenn. 2004) (quoting Tenn. Sup. Ct. R. 28, § 2(H)).

The petitioner raises a number of claims in his petition, including that the trial court improperly admitted evidence of his prior bad acts, that he received ineffective assistance of counsel, and that the prosecutor engaged in various acts of misconduct in the prosecution of his case. However, this court reviewed on direct appeal the claims, alleged once again, of the improper admission of evidence, including evidence of prior bad acts, and concluded that none of the trial court's alleged errors in evidentiary rulings rose to the level of plain error. See Billy Harris, 2004 WL 1765532, at *11. Furthermore, the petitioner's allegations that the prosecutor knowingly presented false testimony and engaged in improper closing argument could have been raised on direct appeal and, thus, are waived. See Tenn. Code Ann. § 40-30-106(g).

As for his claim of ineffective assistance of counsel, the petitioner alleges that trial counsel was ineffective for failing to engage in "adequate pretrial preparation and investigation." Specifically, he alleges, among other things, that he informed trial counsel of his "prior mental history," but counsel took no steps to have him evaluated for competency to stand trial; that he believes trial and appellate counsel "may not have investigated the facts of the case and interviewed any potential witnesses on" his behalf; and that trial counsel failed to present relevant evidence that would have shown that the victim, his former girlfriend, had voluntarily continued in an ongoing relationship with the petitioner after obtaining an order of protection against him.

The petitioner provides no details of his "prior mental history" or of what witnesses or facts trial counsel failed to discover. We note that, at the petitioner's trial, the victim acknowledged that she had a relationship with the petitioner following the rape. Billy Harris, 2004 WL 1765532, at *2. Further, we note that defense counsel presented at trial witnesses who, if believed, would have corroborated the petitioner's claim that he had not raped the victim. However, because *pro se* petitions are to be held to less stringent standards than those prepared by an attorney, with the petitioner given the aid of counsel if it cannot be conclusively determined from the petition and accompanying records whether he is entitled to relief, we reverse the summary dismissal of the *pro se* petition and remand to the post-conviction court for the appointment of counsel to aid the petitioner in drafting a more complete petition. See Billy Joe Henderson v. State, No. E2001-00438-CCA-R3-PC, 2001 WL 1464544, at *1 (Tenn. Crim. App. Nov. 19, 2001) (citing Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993); Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988)).

## CONCLUSION

Following our review, we reverse the summary dismissal of the petition and remand to the post-conviction court for the appointment of counsel to draft a more complete petition.

_____
ALAN E. GLENN, JUDGE