IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
February 2, 2010 Session

## DERRICK D. FUTCH v. STATE OF TENNESSEE

Direct Appeal from the Criminal Court for Shelby County
No. 07-06992     Lee V. Coffee, Judge

No. W2009-01678-CCA-R3-PC  - Filed April 9, 2010

The petitioner, Derrick D. Futch, pleaded guilty to aggravated sexual battery, a Class B
felony. The trial court sentenced him to 8 years, at 100 percent, in the Tennessee Department
of Correction.  The petitioner filed a petition for post-conviction relief, which the post-
conviction court summarily dismissed.  The petitioner appeals the summary dismissal of his
petition for post-conviction relief.  After a review of the record, the parties' briefs, and
applicable law, we reverse the judgment of the post-conviction court and remand for further
proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed
and Remanded**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and CAMILLE R.
MCMULLEN, JJ., joined.

Derrick D. Futch, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney
General; William L. Gibbons, District Attorney General; and Glenn Baitey, Assistant District
Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

The Shelby County Grand Jury indicted the petitioner, Derrick D. Futch, for
aggravated sexual battery, a Class B felony.  On June 2, 2008, the petitioner pleaded guilty
to the charge, and the trial court sentenced him to serve 8 years, at 100 percent, in the
Tennessee Department of Correction.  The petitioner did not file a direct appeal; however,
on June 25, 2009, the petitioner filed a petition for post-conviction relief.  In his *pro se*

petition for post-conviction relief, the petitioner alleged that (1) his right against self-incrimination was violated; (2) his guilty plea was unlawful, involuntary, and unknowing; (3) there was illegal evidence admitted during his trial; (4) there was an unconstitutional failure to disclose favorable evidence; and (5) that his trial counsel was ineffective.

The post-conviction court did not appoint an attorney or hold an evidentiary hearing before dismissing the petition for post-conviction relief. In its order, the trial court stated that:

> The Petition shall be dismissed without the necessity of an evidentiary hearing.
>
> . . . .
>
> The statute of limitations bars the petitioner's petition [for] post-conviction relief pursuant to *T.C.A.* §40-30-102 in that one (1) year has passed since the date of the final court action on the petitioner's case. . . . The expiration of the statute of limitations occurred on June 2, 2009.
>
> No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period. There are no allowances for the tolling of the statute of limitations; however, due process may require the courts to disregard the statute of limitations. . . . The petitioner has not shown that he fits within an exception to the statute of limitations.
>
> Relief is available under the Post-Conviction Procedure Act of this State only when the conviction or sentence attacked is void or voidable because of the abridgment of a right guaranteed by the State or Federal Constitution. *T.C.A.* §40-30-103. . . . The petitioner has failed to state any legal grounds on which the Court can consider this request.

The petitioner timely appeals from this order dismissing his petition for post-conviction relief.

## Analysis

The petitioner contends that the trial court erred when it determined that the petition for post-conviction relief was time barred and dismissed the petition without conducting an evidentiary hearing. Specifically, the petitioner argues that the one-year statute of limitations period did not expire until July 2, 2009, and that an evidentiary hearing was necessary to determine whether due process considerations tolled the statute of limitations. The state

agrees that the petitioner had until July 2, 2009, to file his petition for post-conviction relief. Thus, the state concedes that the trial court incorrectly dismissed the petition for post-conviction relief as untimely.

The Tennessee Post-Conviction Procedure Act states that:

a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

Tenn. Code Ann. §40-30-102(a). "A judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). The statute of limitations for post-conviction relief does not begin to run until thirty days after a petitioner's guilty plea. *Allen Oliver v. State*, No. W2002-02085-CCA-R3-PC, 2003 WL 21338938, at *1 (Tenn. Crim. App. at Jackson May 16, 2003).

On June 2, 2008, the petitioner pleaded guilty to the charge of aggravated sexual battery, and the court entered judgment that day. The statute of limitations for post-conviction relief did not begin to run until July 2, 2008, thirty days later. Thus, the petitioner had until July 2, 2009, to file his petition for post-conviction relief. The petitioner timely filed his petition on June 25, 2009. Accordingly, we cannot agree with the post-conviction court that the petitioner untimely filed his petition for post-conviction relief. We conclude that the petitioner timely filed his petition for post-conviction relief, and he is entitled to an evidentiary hearing on the merits of his post-conviction claim. We note that because we conclude that the petitioner timely filed his petition for post-conviction relief, the issue of whether due process considerations tolled the statute of limitations is moot.

In its order, the trial court also stated that the petitioner failed to state any legal grounds on which the court could consider his petition for post-conviction relief. Whether a post-conviction court properly dismissed a petition for failure to state a claim is a question of law and is therefore reviewed de novo. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002); *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).Pursuant to the Post-Conviction Procedure Act, a post-conviction petition must specify grounds for relief including disclosure of the factual basis of those grounds. Tenn. Code Ann. § 40-30-106(d). Section 40-30-106 of the Post-Conviction Procedure Act provides in pertinent part:

(d) The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tenn. Code Ann. § 40-30-106(d).

Looking to the Tennessee Supreme Court Rules, we note that once a petitioner files a petition, a judge will review the petition and determine whether the petition states a colorable claim. Tenn. Sup. Ct. R. 28, § 6(B)(2). A colorable claim is "a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to the petitioner, would entitle the petitioner to relief under the Post-Conviction Procedure Act." *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (quoting Tenn. Sup. Ct. R. 28, § 2(H)). "Post-conviction relief is available only when 'the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States.'" *Id*. (quoting Tenn. Code Ann. § 40-30-203). In determining whether a colorable claim exists "pro se petitions are to be held to less stringent standards than formal pleadings drafted by lawyers." *Allen v. State*, 854 S.W.2d 873, 875 (Tenn. 1993) (citations omitted). "In the event a colorable claim is stated, the judge shall enter a preliminary order which . . . appoints counsel, if petitioner is indigent." Tenn. Sup. Ct. R. 28, § 6(B)(3)(a). "In the event the court concludes after the preliminary review that a colorable claim is not asserted by the petition, the court shall enter an order dismissing the petition or an order requiring that the petition be amended." *Id*. at § 6(B)(4)(a). However, "[n]o pro se petition shall be dismissed for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel." *Id*. at § 6(B)(4)(b) (emphasis added); *see also Allen*, 854 S.W.2d at 875.

Initially, we note that several of the petitioner's claims are improper for post-conviction relief. However, viewed in the light most favorable to the petitioner, the petition and the attached memorandum also allege claims that, if taken as true, would entitle the petitioner to relief. The memorandum alleges that the petitioner took several medications that affected his level of awareness of his surroundings. Because of this, the petitioner argues that his confession of guilt through the plea agreement was unreliable. The petition further asserts that the petitioner signed "a paper he did [not] know or understand the contents and purpose of," and he believed that the paper was to drop the charges. Further,

the petition states that the guilty plea was unknowing, involuntary, and illegal because the state unlawfully induced the petitioner, through misrepresentation, to sign the plea agreement. Finally, the petition asserts that the petitioner received ineffective assistance of counsel because trial counsel did not call several witnesses to testify for the petitioner. The petition also states that trial counsel failed to preserve certified questions of law for appeal, ask about the petitioner's desire to appeal, and timely file an appeal. Accordingly, we conclude that these allegations establish a colorable claim for relief that entitles the petitioner to the appointment of counsel, amendment of the petition, and an evidentiary hearing.

## Conclusion

Based upon the foregoing and the record as a whole, we reverse the trial court's dismissal of the petition and remand the case to the trial court for further proceedings consistent with this opinion.


_____
J.C. McLIN, JUDGE