IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 21, 2024

## LANORRIS O'BRIEN CHAMBERS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Williamson County
No. CR-220172      Michael W. Binkley, Judge**

_____

**No. M2023-00106-CCA-R3-PC**

_____

Petitioner, LaNorris O'Brien Chambers, appeals as of right from the Williamson County Circuit Court's summary dismissal of his pro se petition for post-conviction relief, wherein he challenged his guilty-pleaded convictions for robbery and fraudulent use of a credit or debit card between $1,000 and $2,500 and resulting fifteen-year sentence. After appointed post-conviction counsel filed a notice that no amended petition would be filed, the post-conviction court found that Petitioner had raised a colorable claim of ineffective assistance of counsel; however, the court summarily dismissed the petition, reasoning that Petitioner had "fail[ed] to demonstrate any actual prejudice whatsoever" because he sought to be resentenced rather than rescind his guilty pleas and proceed to trial. On appeal, Petitioner asserts that he is entitled to an evidentiary hearing based upon his claims of having entered an unknowing and involuntary guilty plea after receiving ineffective assistance of counsel. Following our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Matthew J. Crigger (on appeal), Brentwood, Tennessee; and Cayley J. Turrin (in post-conviction proceedings), Franklin, Tennessee, for the appellant, LaNorris O'Brien Chambers.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Stacey Edmondson,[1] District Attorney General; and Mary Katharine Evins, Assistant District Attorney General, for the appellee, State of Tennessee.

_____

[1] General Kim R. Helper, who was the elected District Attorney General during the pendency of this case, passed away in March 2023.

# OPINION

## Factual and Procedural Background

The November 2019 term of the Williamson County Grand Jury indicted Petitioner for robbery and Class E felony fraudulent use of a credit or debit card. The State subsequently filed a March 11, 2020 Notice of Intent to Use Criminal History and Evidence of Prior Bad Acts ("the State's notice"). The State's notice referenced the following prior convictions:

| Conviction Date | Case No. | Court | Offense |
|---|---|---|---|
| 9/24/01 | CC 2001 1017 | Circuit Court for Jefferson County, Alabama | Burglary 3rd Degree |
| 9/24/01 | CC 2001 1016 | Circuit Court for Jefferson County, Alabama | Fraudulent Possession of a Credit Card |
| 5/16/01 | 2001-CF-005641 | Circuit Court for the 11th Judicial Circuit for Miami-Dade County, Florida | Strong-Arm Robbery |
| 5/16/01 | 2001-CF-005641 | Circuit Court for the 11th Judicial Circuit for Miami-Dade County, Florida | Aggravated Battery/Bodily Harm |
| 5/16/01 | 2001-CF-005642 | Circuit Court for the 11th Judicial Circuit for Miami-Dade County, Florida | Strong-Arm Robbery |
| 5/16/01 | 2001-CF-005642 | Circuit Court for the 11th Judicial Circuit for Miami-Dade County, Florida | Battery/Elderly |
| 5/16/01 | 2001-CF-005640 | Criminal Court for Miami-Dade County, Florida | Strong-Arm Robbery |
| 5/16/01 | 2001-CF-005639 | Circuit Court for the 11th Judicial Circuit for Miami-Dade County, Florida | Strong-Arm Robbery |

| 2/12/03 | 2002-CF-020897 | Circuit Court for the 11th Judicial Circuit for Miami-Dade County, Florida | Strong-Arm Robbery |
|---------|----------------|-----------------------------------------------------------------------------|---------------------|
| 2/12/03 | 2002-CF-020897 | Circuit Court for the 11th Judicial Circuit for Miami-Dade County, Florida | Battery/Elderly |
| 2/12/03 | 2002-CF-020897 | Circuit Court for the 11th Judicial Circuit for Miami-Dade County, Florida | Grand Theft in the 3d Degree |
| 2/12/03 | 2002-CF-020897 | Circuit Court for the 11th Judicial Circuit for Miami-Dade County, Florida | Credit Card/Obtain Goods valued $300 or more |
| 2/12/03 | 2002-CF-025837 | Circuit Court for the 11th Judicial Circuit for Miami-Dade County, Florida | Strong-Arm Robbery |

The State's notice included that Petitioner's probation in his 2001 Florida case was revoked on February 12, 2003, and that he was released from custody on August 17, 2017, when his sentences expired. The notice also listed Petitioner's then-pending charges in Rutherford County Circuit Court Case No. 82166 for two counts of robbery, two counts of fraudulent use of a credit or debit card, and aggravated assault upon a law enforcement officer or first responder.

    a. Guilty Plea Proceedings

On May 14, 2021, Petitioner entered guilty pleas to the charged offenses in his Williamson County case, with agreed sentences of fifteen and six years to be served concurrently as a career offender. At the guilty plea hearing, the trial court explained Petitioner's rights, and Petitioner affirmed that he understood them and denied that he had any questions. The State announced the plea agreement, and Petitioner affirmed that he agreed to its terms.

> THE COURT: Sir, you also signed a negotiated plea agreement that recites exactly what was just announced, but nonetheless, I'm required to go over this with you in some detail on the record to make sure that this is a voluntary plea and to essentially make sure you understand everything you are doing today. So let's take a look at it. Sir, it's my understanding as to

Count 1, you would like for me to accept your plea of guilty to the offense of robbery, a . . . Class C felony, that you will be sentenced as a career offender to fifteen years with a release eligibility of 60 percent. That fifteen years is to serve. Do you understand that?

[PETITIONER]: Yes, sir.

. . . .

THE COURT: Now, let's move over to Count 2 if we can. Count 2, sir, it's my understanding you would like for me to accept your plea of guilty to the felony of fraudulent use of a credit card, [C]lass E felony, that you would be sentenced as a career offender, for a period of six years to serve with a release eligibility . . . of 60 percent. Do you understand that?

[PETITIONER]: Yes, sir.

THE COURT: You sure?

[PETITIONER]: Yes, sir.

THE COURT: All right, now, this six years on this fraudulent use of a credit card and then the robbery that we just talked about for 15 years, the agreement is that those are to run concurrent with each other. That means that you are going to be burning that time on the six years and 15 years at the same time. Do you understand that?

[PETITIONER]: Yes, sir.

Petitioner affirmed that trial counsel had explained the sentencing range for each offense. Petitioner also affirmed twice that he had no questions about any part of the plea agreement. He agreed that he had read the guilty plea form and denied that he had any questions about it.

The State articulated the factual basis for the plea as follows:

Your Honor, a summary of State's proof had this matter proceeded to trial would be that on May 28th of 2019, a Katherine Warner was in the parking lot at . . . 730 Cool Springs Boulevard. She noticed a suspect walking toward her direction as she exited her car. She was facing the interior of her car trying to get her items out when someone approached her and grabbed hold of her and attempted to take her purse and computer bag.

- 4 -

She fought with the suspect and she was punched and she did sustain injuries during that time. The suspect was successful in stealing her laptop and purse and . . . then fled running south towards Cool Springs Boulevard.

She was able to describe the suspect as a black man, wearing a brown shirt, and tan pants, clean shaven with a natural style hair cut, estimated to be in his early 30's. She did give an approximate height and weight and that would be consistent with the build of [Petitioner].

Several police department detectives responded and began investigating. The victim . . . did alert law enforcement that she began receiving fraud alerts from her credit card that had been in her purse, specifically from Wal[m]art, and a Walgreens. The officer was able to obtain video footage. The restitution is the amount from the different stores Lowes, Walgreens, Kroger, Wal[m]art where fraudulent credit card purchases were made with her credit card.

The officer was able to obtain some video of the purchases from the businesses. She was able to identify the person as the suspect that had assaulted her and stole her belongings. Officers were contacted by a Rutherford County detective to find that other robberies had occurred there and a purchase was made at Dick[']s using a reward card belonging to [Petitioner]. There was an employee discount card used for Wal[m]art for fraudulent purchases and the employee was known to be an associate of [Petitioner].

The officers did pull the driver's license and determined his photograph to be similar to those . . . from the video surveillance. Detective Chad Pace took out warrants, and then with Murfreesboro [o]fficials went to [Petitioner]'s home located in Murfreesboro to arrest him on those warrants.

A search of his vehicle and person revealed that he was in possession of some of the items that had been taken from [the victim], including her computer bag, her computer, her driver's license and her credit cards. And that would conclude the State's proof.

Petitioner affirmed that the State's facts were true and correct. The trial court stated, "All right. You hesitated, and I want to make sure that this plea is voluntary and that you have no questions about what you are doing here today." Petitioner responded, "Yes. Yes, Your Honor, it's correct." Petitioner affirmed again that the factual basis was correct and that he was guilty of robbery and fraudulent use of a credit card. The trial court accepted

the guilty pleas and imposed the agreed-upon sentence, and the judgments were entered on May 14, 2021.

### b. Post-Conviction Proceedings

Petitioner subsequently filed a timely March 28, 2022 pro se petition for post-conviction relief, alleging that he received ineffective assistance of counsel because trial counsel failed to adequately review the State's notice with Petitioner or object to the State's notice. Petitioner averred that the State's notice was "misleading and insufficient in that it did not specify the range of punishment sought in Petitioner's case[,] 'career offender' and [was] not accompanied by a memorandum of law and facts in support thereof." Petitioner stated that he was never provided with proper notice of the State's intent to seek enhanced punishment before he pleaded guilty on May 14, 2021.

Petitioner stated that the State's notice should have contained a citation to Tennessee Code Annotated section 40-35-202(a) and that it did not comply with the corresponding rule of criminal procedure. *See* Tenn. R. Crim. P. 12.3(a). Petitioner argued that he was "misinformed and misle[d]" by the State's notice and that trial counsel's "omission in failing to raise the lack of notice defense and object to the enhanced sentence allowed Petitioner to plea[d] guilty as a 'career offender.'" Petitioner asserted that, "[d]ue to counsel's lack of objection to the statutory notice and errors at the sentencing hearing[,] Petitioner's enhanced sentence as a 'career offender' [was] VOID and Petitioner [should be] resentenced as a Range I offender."

On the post-conviction petition form, in addition to ineffective assistance of counsel, Petitioner circled as grounds for relief that his convictions were based on an "unlawfully induced guilty plea or guilty plea involuntarily entered without understanding of the nature and consequences of the plea," as well as "other grounds."

The post-conviction court appointed post-conviction counsel on May 4, 2022, finding that Petitioner's claim of ineffective assistance of counsel was a colorable claim for relief. Post-conviction counsel subsequently filed a July 8, 2022 "motion for dismissal," in which counsel stated that, "[a]fter extensive review of the file, interviews with counsel and [Petitioner], and case law research, [c]ounsel has concluded that [Petitioner] does not have a colorable claim." Post-conviction counsel requested that the pro se petition be dismissed.

Petitioner subsequently filed an August 8, 2022 pro se motion requesting that different post-conviction counsel be appointed to represent him because a "fatal conflict of interest" had arisen, namely "[n]egligence in failing to correspond with . . . Petitioner in preparation for settlement of the case at hand."

The post-conviction court held an August 12, 2022 hearing to discuss the case. Post-conviction counsel explained that she had done "extensive review" of the State's discovery materials, spoken with trial counsel and the prosecutor, had "extensive" telephone conversations with Petitioner, and performed legal research. Post-conviction counsel noted that normally she could "come to a resolution" with clients but that she was unable to do so in this case. Post-conviction counsel stated her opinion that no colorable claim for relief existed and requested that the post-conviction court dismiss the petition.

Petitioner addressed the post-conviction court and stated that he did not wish to have the petition dismissed; that he had "come too far" and that post-conviction counsel "doesn't know the law and know what she's doing"; that post-conviction counsel "prejudged" his case based upon the fact that he pleaded guilty "and at that point I had no issues with merit regarding my petition"; and that post-conviction counsel had been "rude, disrespectful, and dismissive of [Petitioner's] case" in their first telephone call. Petitioner said that post-conviction counsel had explained that he "voluntarily pled guilty [as] a career offender" and that she told him certain cases he cited to her were irrelevant. Petitioner averred that post-conviction counsel did not have his best interests at heart, and he asked to have another attorney appointed.

The State also addressed the post-conviction court and asserted that Petitioner was not entitled to choose his post-conviction counsel and that post-conviction counsel was a competent attorney. The State noted that it did not know if Petitioner could appeal post-conviction counsel's statement that no colorable claim existed. The State also noted that it did not realize that Petitioner had not agreed to dismiss the petition until Petitioner filed the pro se motion.

The post-conviction court ordered post-conviction counsel to file a memorandum of law relative to whether post-conviction counsel had the "authority to dismiss a PCR action" and whether the post-conviction court could appoint Petitioner new counsel.

Post-conviction counsel's September 6, 2022 memorandum noted that she "regrettably labeled the motion [stating that Petitioner had no colorable claim] as a motion to dismiss instead of a written notice that no amended petition will be filed." Post-conviction counsel concurrently filed a "notice of no amended petition," in which she restated that she had "properly investigated all potential claims and has found that there is not a reasonable claim and thus will not be filing an amended petition." The State subsequently filed a motion to dismiss the petition.

The post-conviction court entered an order summarily dismissing the post-conviction petition on January 3, 2023. In the order, the post-conviction court stated that it had reviewed in detail the pleadings, including the State's motion to dismiss the petition and attached exhibits consisting of Petitioner's signed petition for waiver of trial by jury

and request for acceptance of the guilty pleas, the signed plea agreement documents, and the trial court's order accepting the guilty pleas. The post-conviction court noted that it had also received a copy of the plea hearing transcript.

The post-conviction court stated that the State "is correct in each and every one of its responses to [Petitioner's] allegations in this Petition" and made the following findings of fact and conclusions of law:

> [T]his [c]ourt finds [Petitioner] did not have a sentencing hearing in Williamson County; he agreed to the fifteen (15) years as a career offender sentence after having explained to him in detail the terms and conditions of the Plea Agreement by his counsel, as well as every other document reviewed and signed by [Petitioner], which the [c]ourt very carefully reviewed with [Petitioner] as evidenced by the transcript of his plea in this matter . . . . [T]rial counsel . . . advised [Petitioner] that were he to be found guilty at trial, the [c]ourt could sentence him to consecutive time. In [Petitioner's] [p]etition, he simply second guesses the tactical and strategic choices made by trial counsel by utilizing "20-20 hindsight," which is not the function of post-conviction proceedings . . . .

> In this case, [Petitioner] fails to demonstrate any actual prejudice whatsoever . . . . [Petitioner] does not dispute the accuracy of the convictions listed in the Notice, and merely attacks the form and asks to be sentenced as a "Range I offender."

> Based upon the record as a whole, the argument and information provided by [Petitioner], the [c]ourt concludes the record is insufficient for the relief as requested by [Petitioner], as he has not alleged the proceedings would have been any different had he not pled guilty, but chose instead to go to trial. The State of Tennessee has properly and clearly responded to each and every allegation, and the [c]ourt has carefully reviewed all of [Petitioner's] allegations set forth in his [p]etition and concludes the allegations are not supported by the [p]etition for [p]ost-[c]onviction [r]elief.

Petitioner subsequently filed a timely pro se notice of appeal.[2]

---

[2] Afterward, the post-conviction court entered an order permitting post-conviction counsel to withdraw. This court remanded the case to the post-conviction court for a hearing regarding whether Petitioner was waiving the right to appellate counsel. The record reflects that, after a hearing, the post-conviction court appointed appellate post-conviction counsel.

## Analysis

On appeal, Petitioner contends that he is entitled to an evidentiary hearing based upon his claims of having entered an unknowing and involuntary guilty plea after receiving ineffective assistance of counsel. Petitioner repeats his allegation that trial counsel failed to review the State's notice with him and to object to the notice "upon the grounds that it did not provide adequate notice in that it did not specify sentencing as a career offender and was not accompanied by a memorandum of law and facts in support." The State responds that the post-conviction court properly dismissed the petition because Petitioner failed to allege that he would not have pleaded guilty but for trial counsel's error.

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d). A petition must also contain "a description of how petitioner was prejudiced by the error(s)[.]" Tenn. Sup. Ct. R. 28, § 5(E)(3).

Upon receipt of a petition for post-conviction relief, the post-conviction court conducts a preliminary review to "determine whether the petition states a colorable claim." Tenn. Sup. Ct. R. 28, § 6(B)(2); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). When determining whether a colorable claim has been presented, pro se petitions are held to a less rigid standard than formal pleadings drafted by attorneys. *Allen v. State*, 854 S.W.2d 873, 875 (Tenn. 1993). If the petition does state a colorable claim, the post-conviction court "shall enter a preliminary order." Tenn. Code Ann. § 40-30-107(a). The order shall appoint counsel for the petitioner if the petitioner is indigent and requests counsel. Tenn. Code Ann. § 40-30-107(b)(1); *see* Tenn. Sup. Ct. R. 28, § 6(B)(3)(a). The preliminary order shall also direct the petitioner or the petitioner's counsel to file an amended petition, or a written notice that no amendment will be filed, within thirty days of the entry of the order. Tenn. Code Ann. § 40-30-107(b)(2).

In *Burnett*, our supreme court laid out the following procedure after post-conviction counsel files a notice that no amendment will be filed:

> In the final stage of the process preceding an evidentiary hearing, the trial court reviews the entire record, including the petition, the State's response, and any other files and records before it. If, on reviewing these

documents, the court determines conclusively that the petitioner is not entitled to relief, the petition shall be dismissed.

*Burnett*, 92 S.W.3d at 407 (citation omitted); *see* Tenn. Code Ann. § 40-30-109(a).

Here, post-conviction counsel mistakenly filed a motion to dismiss rather than a notice that no amended petition would be filed; however, she eventually corrected the error. After reviewing the post-conviction petition, the State's motion to dismiss, the documents attached to both pleadings, and the transcript of the guilty plea hearing, the post-conviction court concluded that Petitioner was not entitled to relief and dismissed the petition.

We review a post-conviction court's summary dismissal of a petition for post-conviction relief de novo. *See Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004).

In order to prevail in a post-conviction claim of ineffective assistance related to a guilty plea, the petitioner must show that his counsel's performance fell below the objective standards of reasonableness and professional norms. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *see Dorsey v. State*, No. W2021-01135-CCA-R3-PC, 2022 WL 2840738, at *4 (Tenn. Crim. App. July 21, 2022), *perm. app. denied* (Dec. 14, 2022). Second, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

In this case, Petitioner's factual allegation is that trial counsel failed to discuss the State's notice in more detail with him and failed to object to the State's notice; he contends that trial counsel's deficient performance in this respect resulted in his guilty plea being involuntary and unknowing.

Relative to objecting to the State's notice, we agree with the post-conviction court that Petitioner has not disputed the accuracy of the convictions listed therein. We note that Petitioner's claim that the State's notice was inadequate based upon its not including the words "career offender" is meritless. *See State v. Taylor*, 63 S.W.3d 400, 413 (Tenn. Crim. App. 2001) (concluding that a notice was adequate when the defendant "failed to show any prejudice arising from a lack of knowledge as to which particular range the State was contemplating to seek for purposes of sentencing"); *see also State v. Livingston*, 197 S.W.3d 710, 716 (Tenn. 2006) (citing *Taylor* for the proposition that a "notice does not have to specify which range—career, persistent, or multiple—applies"). Petitioner has not alleged any facts that, if taken as true, would establish that trial counsel was deficient in failing to object to the State's notice based upon its not including the words "career offender."

- 10 -

Relative to the detail in which trial counsel discussed the State's notice with Petitioner, Petitioner's requested relief was to be resentenced as a Range I offender. He did not assert that, but for trial counsel's alleged deficiency, he would not have pleaded guilty and would have proceeded to trial. He has, therefore, not alleged that he was prejudiced in a manner that would entitle him to post-conviction relief.

We note that—in addition to Petitioner's having signed the plea agreement documents clearly stating that he was being sentenced as a career offender—the trial court explained the plea agreement to Petitioner, including his career offender sentencing range, and that Petitioner repeatedly affirmed that he understood the plea agreement and agreed sentences. Statements made in open court during a plea colloquy, as well as the findings made by the trial court in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings" and carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). In order to overcome such presumption, a petitioner must present more than "conclusory allegations unsupported by specifics." *Id.* at 74. The record reflects that Petitioner entered a knowing and voluntary guilty plea.

As a result, we conclude that the post-conviction court properly dismissed the petition without an evidentiary hearing. Petitioner is not entitled to relief on this basis.


## Conclusion


Based on the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.


_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 11 -